UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAIRUS J. BROWN,

        Plaintiff,

       v.                                Case No. 20-C-423

DR. PHILLIP WHEATLEY,
DR. BRIAN GROGAN, and
DR. GEOFFREY BAER,

        Defendants.

## SCREENING ORDER

Plaintiff Jairus Brown, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $14.33. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, on January 12, 2018, Plaintiff saw Dr. Wheatley and reported that his knee occasionally locks and feels as if it could give way. He saw Dr. Wheatley again on April 10, 2018. Dr. Wheatley noted that Plaintiff had a fair amount of knee pain and limitation in his activity but advised that an arthroscopy procedure would be of no benefit. He stated that, given Plaintiff's age of 33 years old, Plaintiff was too young for knee replacement.

2

On May 7, 2018, Plaintiff was referred to the University of Wisconsin Orthopedics Department by MPAA Ehnert, and Plaintiff's appointment was scheduled for May 21, 2018. On July 25, 2019, Plaintiff was seen by a University of Wisconsin doctor for surgery consultation and was given another steroid injection. When Plaintiff returned to the institution, his knee began to swell. Plaintiff was permitted to use a cane to walk short distances and a wheelchair to travel longer distances.

On August 2, 2018, Dr. Wheatley saw Plaintiff and noted that an MRI showed loss of much of the lateral meniscus. Plaintiff was diagnosed with Degenerative Joint Disease of the right knee. Dr. Wheatley saw Plaintiff on June 6, 2019, and determined Plaintiff should try a Synvisc injection. Dr. Wheatley noted that Plaintiff had advanced Degenerative Joint Disease in all three compartments of the knee and found that knee replacement was the only effective treatment. Dr. Wheatley refused to request surgery due to Plaintiff's age, however. On August 6, 2019, Dr. Wheatley saw Plaintiff for a follow-up regarding Plaintiff's knee pain. Dr. Wheatley noted the Plaintiff received the steroid injection but his knee pain had increased significantly since the injection. Dr. Wheatley also noted that Plaintiff had become increasingly disabled due to the degenerative changes in his knee and scheduled Plaintiff to see orthopedics. On September 13, Dr. Wheatley saw Plaintiff after Plaintiff returned from his appointment at the University of Wisconsin Hospital. Dr. Wheatley concluded Plaintiff was not a candidate for unilateral knee surgery and prescribed Plaintiff ibuprofen. Dr. Wheatley saw Plaintiff on December 18 and noted that Plaintiff had swelling of the knee and severe degenerative changes.

In his March 14, 2019 assessment of Plaintiff, Dr. Grogan stated that he would not be able to get rid of the majority of Plaintiff's pain and that Plaintiff was too young for total knee arthroplasty. Plaintiff alleges Dr. Grogan provided Plaintiff with injections, knowing the injections would not provide any healing or comfort. On July 25, 2019, Plaintiff saw Dr. Baer who refused

3

to recommend knee surgery because of Plaintiff's age. Dr. Baer performed an injection on Plaintiff.

### THE COURT'S ANALYSIS

Plaintiff asserts the defendants were deliberately indifferent to his medical needs because they refused to recommend knee surgery. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that the inmate receives adequate medical care. *Farmer v. Brennan*, 511 U.S. 823, 832 (1994). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state a claim based on deficient medical care, a plaintiff must demonstrate that he had an objectively serious medical condition and that the defendants were subjectively aware of and consciously disregarded that condition. *Id.* at 837. A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (citations omitted).

To satisfy the subjective prong of the deliberate indifference standard, an inmate must "show that the defendants actually knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). This means that a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Gevas*

4

*v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer*, 511 U.S. at 837). "[T]he Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Critically, "mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference." *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007) (citing *Estelle*, 429 U.S. at 107); *see also Petties v. Carter*, 836 F.3d 722, 731 (7th Cir. 2016). "[D]eliberate indifference may be inferred based upon a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996).

The defendants determined that Plaintiff was not a proper candidate for total knee replacement because he was 33 years old. Plaintiff alleges that instead of surgery, the defendants ordered injections and prescribed medication. "The federal courts will not interfere with a doctor's decision to pursue a particular course of treatment unless the decision represents so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Plaintiff's complaint contains no allegations to suggest that the defendants' determination departed so radically "from accepted professional judgment, practice or standards" or that the defendants' "decision was not based on professional judgment." *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 663 (7th Cir. 2016) (citations and internal quotation marks omitted). Plaintiff's disagreement with his doctors' medical treatment plan and decisions is insufficient to state a claim for deliberate indifference. *See Snipes*, 95 F.3d at 591 ("Medical decisions that may be characterized as 'classic examples of matters for medical judgment' such as whether one course of treatment is preferable to another, are beyond the Amendment's purview.

Such matters are questions of tort, not constitutional law." (citation omitted)); *see also Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("[Plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her."). Therefore, Plaintiff has failed to state a claim for deliberate indifference against these defendants.

Plaintiff also asserts a claim for age discrimination against the defendants. But Plaintiff's complaint contains no allegations that Plaintiff is a member of a protected class or that the defendants subjected him to unreasonable or invidious discrimination. Accordingly, Plaintiff has failed to state an age discrimination claim. This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction and a temporary restraining order (Dkt. No. 8) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $335.67 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each

time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 23rd day of April, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court - WIED

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.