UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAIRUS J. BROWN,

        Plaintiff,

        v.                               Case No. 20-C-423

DR. PHILLIP WHEATLEY,
DR. BRIAN GROGAN, and
DR. GEOFFREY BAER,

        Defendants.

**ORDER GRANTING MOTION FOR RECONSIDERATION, VACATING DIMISSAL, AND DIRECTING DEFENDANTS TO RESPOND TO COMPLAINT**

        Plaintiff Jairus Brown, an inmate at Oshkosh Correctional Institution (OCI), filed this *pro se* action under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a screening order, the court dismissed Plaintiff's claims of deliberate indifference and age discrimination against Dr. Wheatly, who works at OCI, and Drs. Brian Grogan and Geoffrey Baer, both of whom are allegedly employed by UW Health, a clinic connected to the University of Wisconsin. Drs. Grogan and Baer allegedly provide prisoners health care through a contract with OCI. Plaintiff claimed the defendant doctors violated his Eighth Amendment right against cruel and unusual punishment by refusing to replace his knee, even though no other treatment can alleviate his pain. Plaintiff has filed a motion for reconsideration, requesting that his action be allowed to proceed. Dkt. No. 13. For the reasons that follow, Plaintiff's motion will be granted.

        Plaintiff requests that the court reconsider its decision to dismiss his action based on his allegation that the defendants knowingly pursued ineffective treatment for his knee condition. In its screening order, the court found that Plaintiff's disagreement with his doctors' medical

treatment plan and decisions was insufficient to state a claim for deliberate indifference under the Eighth Amendment. The court also dismissed Plaintiff's claims of age discrimination, finding that Plaintiff's complaint stated no allegation that he was a member of a protected class or that the defendants subjected him to unreasonable or invidious discrimination.

Plaintiff argues that the defendants knew knee replacement surgery was the only effective treatment for his degenerative knee condition. Plaintiff claims that the defendants refused to provide this single effective treatment option, however, solely because Plaintiff was too young, at 33 years old, for a knee replacement. Instead, they pursued ineffective treatment options, providing knee injections and pain relief medication. As a result, Plaintiff alleges that the defendants knowingly pursued a course of treatment that was ineffective to treat his serious medical condition.

In summarily dismissing Plaintiff's complaint, the court noted that an inmate's disagreement with the professional judgment of a physician was not enough to state a claim for deliberate indifference. Orthopedic surgeons generally do not recommend knee replacements for younger people since they are likely to live long enough to require a second or even a third. Plaintiff's complaint at its core, however, is that the doctors denied him medical care that addressed his serious medical condition in an effective manner. The Seventh Circuit has held that the allegation that a physician doggedly persisted in a course of treatment he knew to be ineffective can be sufficient to establish deliberate indifference to a serious medical need. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005). In light of this precedent, I now conclude the case must proceed.

I also note that it is unclear whether Drs. Grogan and Baer can be said to be acting under state law, since they are serving as physicians who serve the public and are not employees of OCI or the Wisconsin Department of Corrections. I am unable to determine that issue on the pleadings alone, however, and so they will remain in the case at least for now.

2

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 13) is **GRANTED**. The April 24, 2020 judgment is ordered **VACATED** and any strike incurred is to be expunged. Plaintiff may proceed on deliberate indifference claims against the defendants.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants, including Drs. Wheatley, Grogan, and Baer.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 7th day of May, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court - WIED