UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAIRUS J. BROWN,

        Plaintiff,

     v.                               Case No. 20-C-423

DR. PHILLIP WHEATLEY, et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Jairus Brown, who is currently incarcerated at Oshkosh Correctional Institution (OCI) and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that Defendants violated his civil rights by failing to adequately treat his degenerative joint disease and provide him a knee replacement. Compl., Dkt. No. 1. This matter is before the court on Plaintiff's motion for leave to amend his complaint to add two new defendants. Dkt. No. 29. Defendants oppose the motion but have requested an amendment to the court's scheduling order due to delays caused by COVID-19. Dkt. Nos. 31–32. For the reasons that follow, Plaintiff's motion to amend will be denied and Defendants' request for an amended scheduling order will be granted.

Plaintiff seeks leave to amend his complaint to add two new defendants, Doctors Rahul Samtani and Craig Akoh, based on the fact that they signed two of his progress notes. Dkt. No. 29. The fact that they signed a progress note is hardly enough to support a claim that they violated his constitutional rights. For this reason alone, the motion will be denied. But the motion is also too late.

Under Federal Rule of Civil Procedure 15(a)(2), a party may only amend its pleading after 21 days from service of the original complaint "with the opposing party's written consent or the court's leave." The court is instructed to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff acknowledges in his motion that he does not recall seeing either doctor in person, but he claims that they were directly involved in his care as evidenced by their signatures and by comments from Defendants. Dkt. No. 29. Plaintiff knew that Doctors Samtani and Akoh signed his forms at the time he filed his original complaint, yet he has provided no information explaining why he did not include them in that complaint, nor has he shown how they were or might have been deliberately indifferent to his needs. Plaintiff has shown no compelling reason why the court should allow him to amend his complaint at this late date and add additional burdens to the defense and delays to the resolution of his case.

In their brief opposing Plaintiff's motion, Defendants included a request that the court amend the scheduling order under Rule 6(b) of the Federal Rules of Civil Procedure. Defendants explain that they have been unable to depose Plaintiff due to COVID-19 restrictions at OCI, and therefore cannot complete discovery and prepare dispositive motions under the current schedule.

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend his complaint (Dkt. No. 29) is denied.

**IT IS FURTHER ORDERED** that Defendants' request for an amended scheduling order is granted. Discovery will be due December 23, 2020, and dispositive motions will be due January 22, 2021.

Dated at Green Bay, Wisconsin this 6th day of November, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge